* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission rejects the findings and conclusions of law of the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over this matter.
2. The parties are subject to and bound by the provisions of the North Carolina *Page 2 
Workers' Compensation Act.
3. All parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
4. An employment relationship existed between plaintiff and defendant on or about September 14, 2005.
5. At all relevant times, defendant regularly employed three or more employees.
6. On September 14, 2005, plaintiff's average weekly wage was $393.69, yielding a compensation rate of $262.47.
7. On September 14, 2005 plaintiff sustained an injury by accident when he fell from a roof on which he was working. Defendants accepted plaintiff's claim with the filing of a Form 60 Employer's Admission of Employee's Right to Compensation on December 12, 2005.
8. Plaintiff received medical treatment for his compensable injury, which was authorized and paid for by defendants. On December 30, 2005, Dr. Masonis of OrthoCarolina released plaintiff at maximum medical improvement and assigned a 10% permanent partial disability rating to his back.
9. On January 9, 2006, plaintiff notified defendants of his election for a second opinion on his permanent partial disability rating pursuant to N.C. Gen. Stat. § 97-27(b). Additionally, plaintiff requested defendants provide a foreign language interpreter for said second opinion evaluation.
10. On January 13, 2006, defendants authorized the second opinion evaluation with Dr. Maher Habashi, but denied plaintiff's request for a foreign language interpreter on the grounds that defendants were not required to provide a translator for a second opinion evaluation. *Page 3 
11. On January 24, 2006, plaintiff attended the second opinion evaluation accompanied by a foreign language interpreter, who requested a fee of $110.00 for services rendered. At the evaluation, Dr. Habashi assigned to plaintiff an additional rating in the amount of 17%.
12. Plaintiff moved for an order from the Industrial Commission compelling defendants to pay for the foreign language interpreter utilized at the second opinion evaluation. On March 15, 2006, Executive Secretary Tracey H. Weaver denied plaintiff's motion for payment of the foreign language interpreter. Plaintiff filed a Motion to Reconsider with Executive Secretary Tracey H. Weaver, which was subsequently denied.
13. Pursuant to N.C. Gen. Stat. § 97-27(b), plaintiff has the option to obtain a second opinion evaluation, which is to be provided and paid for by defendants. However, a second opinion evaluation pursuant to N.C. Gen. Stat. § 97-27(b) is not medical treatment designed to effect a cure, give relief, or lessen the period of disability. Although N.C. Gen. Stat. § 97-27(b) requires defendants to pay the cost of the second opinion evaluation, the statute specifically excludes travel as an expense to be paid by defendants. The undersigned find that the expense of an interpreter is similar to travel expense, and is not included in the cost of the second opinion evaluation. Defendants' refusal to pay for an interpreter for plaintiff's second opinion evaluation did not deny plaintiff medical treatment necessary to effect a cure, give relief, or lessen the period of disability. Therefore, the interpreter fee should likewise be excluded. As such defendants are not required to pay the cost of the interpreter for the second opinion evaluation.
14. Defendants defense of this claim was not unreasonable.
 * * * * * * * * * * *
Based on the foregoing Findings of Fact the Full Commission makes the following *Page 4 
additional
 CONCLUSIONS OF LAW
1. As a result of his compensable injury, plaintiff sustained permanent partial disability to his back for which he was entitled to a second opinion evaluation. N.C. Gen. Stat. § 97-27(b).
2. Plaintiff is not entitled to payment of translator expenses incurred during the course of a second opinion evaluation pursuant to N.C. Gen. Stat. § 97-27(b) on the basis that plaintiff's second opinion evaluation is not considered medical treatment under the North Carolina Workers' Compensation Act and was not designed to effect a cure, give relief or lessen the period of his disability. N.C. Gen. Stat. § 97-25.
3. The hearing of this matter was not unreasonably defended, and therefore, no attorney's fees should be assessed pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's request to be reimbursed by defendants in the amount of $110.00 for the cost of the foreign language interpreter utilized at plaintiff's second opinion evaluation is hereby DENIED.
2. Defendants shall bear the costs.
 This the 10th day of April 2007 *Page 5 
 S/________________ BUCK LATTIMORE CHAIRMAN
CONCURRING: S/________________ PAMELA T. YOUNG COMMISSIONER
 S/________________ DIANNE C. SELLERS COMMISSIONER *Page 1